# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY FOULKS, # 286566, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-730-WKW |
| | ) | [WO] |
| CHRISTOPHER GORDY, Warden, | ) | |
| and STEVEN T. MARSHALL, Attorney | ) | |
| General of the State of Alabama, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

On September 28, 2015, Johnny Foulks ("Foulks"), an Alabama prisoner appearing *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. # 1.) The petition asserts a challenge to Foulks's manslaughter conviction entered in the Montgomery County Circuit Court in October 2012, for which Foulks was sentenced to 20 years' imprisonment. The respondents answered Foulks's petition, arguing it is barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1). (Doc. # 10.) Foulks was then allowed to file a response attempting to show cause why his petition should not be dismissed as time-barred. (Doc. # 11 & 12.)

On August 3, 2017, the respondents filed a Motion to Dismiss (Doc. # 16) this action as having been abated by Foulks's death, which is construed as a "Notice of

Death." The respondents aver that on August 2, 2017, they learned Foulks died in February 2017 while in the custody of the Alabama Department of Corrections. (Doc. # 16, at 1–2.)

Foulks's § 2254 petition, which seeks his release from confinement, does not survive his death. The death of a habeas petitioner renders a habeas action moot. *Bruno v. Sec'y, Florida Dep't of Corr.*, 700 F.3d 445 (11th Cir. 2012) (vacating judgment and remanding case to district court with directions to dismiss case as moot following death of petitioner, who had appealed district court's denial of his § 2254 petition). *See also, e.g., Farmer v. McDaniel*, 692 F.3d 1052 (9th Cir. 2012) (dismissing an appeal as moot upon notification that the inmate had died during the pendency of his appeal and remanding to the district court for dismissal of the habeas petition as moot); *Penney v. Sec'y, Dep't of Corr.*, No. 8:10cv726, 2013 WL 5962971, at *1 (M.D. Fla. Apr. 17, 2013) (dismissing habeas petition as moot, under instructions from Eleventh Circuit, where habeas petitioner died during pendency of appeal from district court's denial of habeas petition).

Based on the foregoing, it is ORDERED that Foulks's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. # 1) is DISMISSED as moot.

The Clerk of Court is DIRECTED to close this case.

DONE this 18th day of August, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE